UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GURDIP SINGH,

                             Plaintiff,

v.                                                       9:08-CV-0860
                                                            (NAM/GHL)

THE MENTAL HEALTH DEPARTMENT OF
ATTICA CORRECTIONAL FACILITY; and
GREAT MEADOW CORRECTIONAL FACILITY,

                             Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

GURDIP SINGH, 98-A-6507
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GEORGE H. LOWE, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     This *pro se* prisoner civil rights action, commenced by Gurdip Singh ("Plaintiff") pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Norman A. Mordue, Chief United States District Judge, to hear and determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 2.)  For the reasons discussed below, I deny Plaintiff's motion, and I recommend that the Court issue an Order *sua sponte* dismissing his Complaint (pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A and Fed. R. Civ. P. 12[h][3]) if he

does not, within thirty (30) days of the date of the Court's final Order with respect to this Report-Recommendation, do the following two things: (1) pay the Court's filing fee of three-hundred and fifty dollars, and (2) file with the Court an Amended Complaint that states a claim upon which relief might be granted (and that states a claim against a Defendant over whom the Court has subject-matter jurisdiction).

I.  **SUMMARY OF PLAINTIFF'S COMPLAINT**

Construed with the extra leniency normally afforded to pleadings drafted by *pro se* civil rights litigants, Plaintiff's Complaint alleges that, between the end of 2007, and the middle of 2008, the Mental Health Department of Attica Correctional Facility, and Great Meadow Correctional Facility ("Defendants"), violated Plaintiff's rights under the Eighth Amendment when they dispensed to Plaintiff mental health medications that permanently infected him with tuberculosis, causing him emotional distress. (Dkt. No. 1, ¶¶ II.C., II.D., III. [Plf.'s Compl.].)[1]

II. **DISCUSSION**

　　A.  **Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* states that, as of the date of the signing of the motion (June 24, 2008), he had a checking or savings account containing $7,139.89. (Dkt. No. 2, ¶ 4 [Plf.'s Motion to Proceed *In Forma Pauperis*].)[2] Plaintiff's motion further states that

---

[1] It is worth noting that in his Complaint (which is verified), Plaintiff answered "No" in response to the question, "Have you filed other lawsuits in state or federal court . . . relating to your imprisonment?" (Dkt. No. 1, ¶ VI.C. [Plf.'s Compl.].) In fact, by the date he signed the Complaint (on June 24, 2008), Plaintiff had filed at least one such lawsuit. *See Singh v. Greiner*, 02-CV-1324, Petition (E.D.N.Y. filed Feb. 27, 2002) (habeas corpus proceeding).

[2] While the motion does not clearly indicate where this money came from, the motion does state that Plaintiff (through his employment in prison) has been earning $6.00 every

2

he pays money to support his wife and daughter; however, the motion does not state the amount of money he pays each month in such support. (*Id*. at ¶ 7.) Under the circumstances, I find that Plaintiff has not shown cause for the granting of his motion.

Even if I were to set aside the fact that Plaintiff has submitted evidence of his ability to pay the Court's three-hundred fifty dollar ($350) filing fee, I would deny Plaintiff's motion (albeit without prejudice) due to two formal deficiencies in that motion. First, Plaintiff has signed an Inmate Authorization Form permitting DOCS to deduct (over time) the required filing fee of three-hundred fifty dollars from his prison trust fund account. (Dkt. No. 3.) However, that Inmate Authorization Form permits DOCS to disburse that amount to the U.S. District Court for the *Southern* District of New York (the Court from which this action has been transferred). (*Id*.) The Inmate Authorization Form does not expressly permit DOCS to disburse that amount to the U.S. District Court for the *Northern District of New York*.

Second, Plaintiff has submitted his motion to proceed *in forma pauperis* on a form issued by the U.S. District Court for the Southern District of New York. (Dkt. No. 2.) As a result, the Form does not contain a Certification from the appropriate official at Plaintiff's correctional facility with regard to the balance, and average balance, in any account in Plaintiff's name at the facility. (*Id*. at 2.) As a result, Plaintiff's Request does not satisfy this Court's requirement that, generally, such information be provided in an Application to Proceed without the Full Prepayment of Fees.

For all of these reasons, I deny Plaintiff's motion to proceed *in forma pauperis*. In addition, I recommend that the Court issue an Order dismissing Plaintiff's Complaint if, within

---

two weeks since 1998. (Dkt. No. 2, ¶ 1 [Plf.'s Motion to Proceed *In Forma Pauperis*].)

3

thirty (30) days of the date of the Court's final Order with respect to this Report-Recommendation, Plaintiff has not paid the Court's filing fee of three-hundred fifty dollars ($350).

    **B.**    **Deficiencies in Plaintiff's Complaint**

Setting aside the deficiencies in Plaintiff's motion for leave to proceed *in forma pauperis*, I find that Plaintiff's Complaint is subject to *sua sponte* dismissal (pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A, and Fed. R. Civ. P. 12[h][3]) because there are three fatal problems with that Complaint.

    **1.**    **Lack of Subject-Matter Jurisdiction Over Claims Against Defendants**

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

The Eleventh Amendment also bars a suit (including an action pursuant to 42 U.S.C. § 1983) against a state official acting in his *official* capacity.  *See Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities."); *Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988) ("The Eleventh Amendment bars recovery against an employee who is sued in his official capacity, but does not protect him from personal

liability if he is sued in his 'individual' or 'personal' capacity.").

This is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself. . . ." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *accord*, *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity."); *Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state.").

Here, Plaintiff has named, as Defendants in his Complaint, two New York State entities (both of which are part of the New York State Department of Correctional Services): (1) the Mental Health Department of Attica Correctional Facility; and (2) Great Meadow Correctional Facility. (Dkt. No. 1, at Part I.B., II.D. [Plf.'s Compl.].) Plaintiff does not allege facts plausibly suggesting he is suing any particular individual employed at one of these two entities, or that he is suing such an individual in his or her *personal* or *individual* capacity (as opposed to his or her *official* capacity). (*See generally* Dkt. No. 1 [Plf.'s Compl.].) As a result, it appears that Plaintiff is effectively suing New York State. Therefore, his claims should be dismissed. *See McGinty v. State of New York*, 251 F.3d 84, 100 (2d Cir. 2001) ("Where it has been successfully demonstrated that a defendant is entitled to sovereign immunity under the Eleventh Amendment, the federal court lacks subject matter jurisdiction over the case, and "the case must be stricken

from the docket.") [citation omitted]; *see also* Fed. R. Civ. P. 12(h)(3).

### 2. Failure to State a Claim Under the Eighth Amendment

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, 'sufficiently serious'. . . . [Second,] a prison official must have a 'sufficiently culpable state of mind.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "In prison-conditions cases that state of mind is one of deliberate indifference to inmate health or safety . . . ." *Farmer*, 511 U.S. at 834.  Generally, to prevail on a claim of inadequate prison conditions, a plaintiff must show two things: (1) that the conditions of his confinement resulted in deprivation that was *sufficiently serious*; and (2) that the defendant acted with *deliberate indifference* to the plaintiff's health or safety. *Id.*; *Davidson v. Murray*, 371 F. Supp.2d 361, 370 (W.D.N.Y. 2005).  Similarly, to prevail on a claim of inadequate medical care, a plaintiff must show two things: (1) that he had a *sufficiently serious* medical need; and (2) that the defendant was *deliberately indifferent* to that serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

With respect to the second prong of both of the above-stated tests (i.e., the mental state of the defendants), Plaintiff's Complaint (even when construed with the utmost of special leniency) fails to allege facts plausibly suggesting that either Defendant in this action knew or had reason to know that Plaintiff would contract (permanently or even temporarily) tuberculosis as a result of the mental health medications that they were dispensing to him. (*See* Dkt. No. 1, II.D. [Plf.'s Compl.].)[3] It must be remembered that "deliberate indifference describes a state of mind more

---

[3]     Viewed from another perspective, Plaintiff has failed to allege facts plausibly suggesting how he even came to contract tuberculosis from ingesting mental health medications. (*See* Dkt. No. 1, II.D. [Plf.'s Compl.].)  At the risk of demonstrating a lack of familiarity with

blameworthy than negligence."[4] Rather, deliberate indifference is a state of mind akin to *criminal recklessness*.[5] Here, there are no facts alleged plausibly suggesting such recklessness.

### 3. Failure to Allege Physical Injury Under the PLRA

The Prison Litigation Reform Act of 1995 ("PLRA") provides, in pertinent part, that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Here, Plaintiff has alleged that, as a result of Defendants' Eighth Amendment violation, he has sustained only "[e]motional distress." (Dkt. No. 1, ¶ III. [Plf.'s Compl.].) Numerous courts have held–correctly, I believe–that physical manifestations of emotional injuries are not "physical injuries" for purposes of the PLRA.[6]

---

medicine, I find that such a claim, without more, *appears* to be frivolous.

    [4]    *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence.").

    [5]    *Farmer,* 511 U.S. at 827 ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for 'deliberate indifference' under the Eighth Amendment."); *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) ("The required state of mind [for a deliberate indifference claim under the Eighth Amendment], equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference.") [internal quotation marks and citations omitted]; *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness . . . .") [citation omitted]; *accord, Koehl v. Greene*, 06-CV-0478, 2007 WL 2846905, at *17, n. 98 (N.D.N.Y. Sept. 26, 2007) (Kahn, J.), *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *15, n.124 (N.D.N.Y. Jan. 23, 2007) (Kahn, J.), *Salaam v. Adams*, 03-CV-0517, 2006 WL 2827687, at *10, n.59 (N.D.N.Y. Sept. 29, 2006) (Kahn, J.).

    [6]    *See, e.g.*, *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (weight loss, appetite loss, and insomnia caused by emotional distress not "physical injury" for purposes of PLRA); *Cooksey v. Hennessey*, 07-CV-3829, 2007 WL 2790365, at *1 (N.D. Cal.

For all of these reasons, I recommend that the Court issue an Order *sua sponte* dismissing Plaintiff's Complaint unless, within thirty (30) days of the date of the Court's final Order with regard to this Report-Recommendation, he files an Amended Complaint that states a claim upon which relief might be granted (and that states a claim against a Defendant over whom the Court has subject-matter jurisdiction).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** without prejudice; and it is further

**RECOMMENDED** that the Court issue an Order *sua sponte* **DISMISSING** Plaintiff's Complaint (Dkt. No. 1), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A, and Fed. R. Civ. P.

---

Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury [for purposes of the PLRA].") [internal quotation marks]; *Johnson v. Georgia*, 06-CV-0049, 2007 WL 2684985, at *3 (M.D. Ga. Sept. 7, 2007) (stress and "a mental disorder" not "physical injury" for purposes of PLRA); *Brown v. Porter*, 01-CV-20957, 2006 WL 2092032, at *2 (N.D. Cal. July 26, 2006) (migraines, dry mouth, and loss of appetite caused by mental health problems not "physical injury" for purposes of PLRA); *Watkins v. Trinity Serv. Group, Inc.*, 05-CV-1142, 2006 WL 3408176, at *4 (M.D. Fla. Nov. 27, 2007) (diarrhea, vomiting, cramps, nausea, and headaches from eating spoiled food on one day not "physical injury" for purposes of PLRA); *Hill v. Williams*, 03-CV-0192, 2005 WL 5993338, at *4 (N.D. Fla. Oct. 14, 2005) (thirty-minute episode of hyperventilation, accompanied by shortness of breath, swollen tongue, pounding heart, and headache, not "physical injury" for purposes of PLRA); *Mitchell v. Newryder*, 245 F. Supp.2d 200, 203, 205 (D. Me. 2003) ("permanent traumatization" not "physical injury" for purposes of PLRA); *Todd v. Graves*, 217 F. Supp.2d 958, 960 (S.D. Iowa 2002) (stress, hypertension, insomnia, dizziness, and loss of appetite not "physical injury" for purposes of PLRA); *Ashann-Ra v. Virginia*, 112 F. Supp.2d 559, 566 (W.D. Va. 2000) (psychosomatic conditions, including sexual dysfunction, caused by emotional distress not "physical injury" for purposes of PLRA); *McGrath v. Johnson*, 67 F. Supp.2d 499, 508 (E.D. Pa. 1999) (inflamation of pre-existing skin condition caused by emotional trauma not "physical injury" for purposes of PLRA); *Cain v. Virgina*, 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and painful headaches caused by emotional distress not "physical injury" for purposes of PLRA); *Pinkston-Bey v. DeTella*, 96-CV-4823, 1997 WL 158343, at *3 (N.D. Ill. March 31, 1997) (severe headaches caused by emotional distress not "physical injury" for purposes of PLRA).

12(h)(3), if he does not, within **THIRTY (30) DAYS** of the date of the Court's final Order with respect to this Report-Recommendation, do *BOTH* of the following two things:

>   (1) Pay the Court's filing fee of three-hundred fifty dollars ($350); *AND*
>
>   (2) File an Amended Complaint that states a claim upon which relief might be granted (and that states a claim against a Defendant over whom the Court has subject-matter jurisdiction).

**BE ADVISED that any objections to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y.L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ALSO ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but were not, presented to the Magistrate Judge in the first instance**.[7]

---

[7] *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: August 28, 2008
      Syracuse, New York

                                                              George H. Lowe
                                                              United States Magistrate Judge

---

entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].